UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHESTER MADISON and SARAH JO MADISON,<br><br>        Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY; ELK GROVE FORD; and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. 2:19-cv-00853 WBS DB<br><br>ORDER RE: PLAINTIFFS' MOTION TO REMAND |

----oo0oo----

Plaintiffs Chester Madison and Sarah Jo Madison initiated this lawsuit against Ford Motor Company, Elk Grove Ford, and Does 1 through 10, asserting various state law claims arising out of their purchase of a 2011 Ford Taurus. (Notice of Removal, Ex. B ("Compl.") (Docket No. 1-2).) Before the court is plaintiffs' Motion to Remand.[1] (Docket No. 6.)

---

[1] The court vacates the hearing set for August 12, 2019 and decides this motion without oral argument. See Local Rule

1

I. Background

Sometime around November 2012, plaintiffs purchased a 2011 Ford Taurus that included an express written warranty. (Compl. ¶¶ 8-9.) Plaintiffs allege that during the warranty period, the vehicle developed various defects that substantially impaired the use the vehicle. (See id. ¶ 10.) Defendant Ford and its in-state representatives, including Elk Grove Ford, were allegedly unable to service or repair the vehicle after a reasonable number of repair attempts. (Id. ¶¶ 11, 14 & 35-37.) Defendants also did not replace the vehicle or make restitution to plaintiffs in connection with these alleged defects. (Id.) Plaintiffs contend that they have been injured by defendant Ford's failure to comply with applicable law and have suffered more than $25,000 in damages. (See id. ¶¶ 12-13.) Plaintiffs also maintain that they delivered their vehicle to defendant Elk Grove Ford for repair at least once and that Elk Grove Ford acted negligently when it stored, prepared, and repaired the vehicle. (Id. ¶¶ 34-38.)

On April 9, 2019, plaintiffs filed an action in Sacramento Superior Court against all defendants. Defendants removed this action to this court on May 13, 2019. (Docket No. 1.) Plaintiffs now seek to remand this action back to state court.

II. Discussion

    A. Legal Standard

"[A]ny civil action brought in a State court of which

---

230(g).

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district ... where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion to remand, defendants bear the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For complete diversity to exist, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). As to the amount in controversy requirement, "[w]here, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant[s] bear[] the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013) (citations and quotations omitted).

B. Complete Diversity

Defendants ask this court to disregard the citizenship of the non-diverse defendant Elk Grove Ford. Defendants argue

that Elk Grove Ford has been fraudulently joined[2] or, alternatively, should be dismissed as a dispensable party.

       1.   <u>Fraudulent Joinder</u>

A non-diverse defendant may be disregarded for purposes of complete diversity if that defendant was fraudulently joined. <u>Hamilton Materials Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court." <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018) (citations and quotations omitted). Fraudulent joinder is established the second way, the only theory at issue in this case, if the non-diverse defendant "cannot be liable on any theory." See <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998). There is a general presumption against a finding of fraudulent joinder, and the removing parties must prove by clear and convincing evidence that joinder was fraudulent. <u>Hamilton Materials Inc.</u>, 494 F.3d at 1206. If there is a <u>possibility</u> that the state court would find that the complaint states a claim against the non-diverse defendant, this court must remand. See <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted).

---

[2] The court notes that Ford has repeatedly attempted to remove similar cases to federal court on fraudulent joinder grounds, with little success. See <u>Levine v. Ford Motor Co.</u>, No. 2:18-cv-09995 SVW JEM, 2019 WL 990437, at *1 n.1 (C.D. Cal. Feb. 28, 2019) (collecting cases).

4

1                     a. <u>Economic Loss Rule</u>

Defendants first argue that the economic loss rule bars plaintiffs' negligent repair claim against Elk Grove Ford. Economic losses are "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits--without any claim of personal injury or damages to other property." <u>Jimenez v. Superior Court</u>, 29 Cal. 4th 473, 482 (2002) (citations and quotations omitted). Under the economic loss rule, plaintiffs generally cannot recover in tort for economic losses. See <u>id.</u> Defendants contend that plaintiffs' negligent repair claim fails because plaintiffs do not claim any personal injury or damage to other property.

California law, however, recognizes an exception to the economic loss rule that is applicable in this case. "The economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." <u>Id.</u> at 483. Here, plaintiffs have alleged problems with components of the vehicle, such as the transmission assembly, and problems affecting parts connected to the transition assembly. (<u>See</u> Compl. ¶ 10.) Consistent with the economic loss rule, it is possible that plaintiffs could show that a defect in one component of the vehicle caused damage to other parts of the vehicle. See <u>Jimenez</u>, 29 Cal. 4th at 483 ("[T]he economic loss rule allows a plaintiff to recover in strict products liability in tort when a product defect causes damage to 'other property,' that is, property <u>other than the product itself</u>." (emphasis in original)).

5

Moreover, the economic loss rule would not necessarily bar recovery for damage that the components caused to the vehicle in which it was incorporated. See Sabicer v. Ford Motor Co., 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019).[3] As this court previously observed, "California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle." See Lytle v. Ford Motor Co., No. 2:18-cv-1628 WBS EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018).

        Accordingly, defendants have not shown that the economic loss rule renders recovery against Elk Grove Ford impossible.

### b.   Statute of Limitations

        Defendants next argue that the statute of limitations bars plaintiffs' negligent repair claim against Elk Grove Ford. Under California law, the statute of limitations for a negligent repair claim is three years. See Cal. Civ. Proc. Code § 338(c)(1) (setting forth a statute of limitations of three years for "[a]n action for taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property.").[4]  Defendants argue that this action is

---

    [3]   Defendants rely on Ruiz v. BMW of North America, LLC, No. 2:16-cv-01177 ODW AGRX, 2017 WL 217746, at *2 (C.D. Cal. Jan. 18, 2017) in support of their argument. However, the court in Ruiz "did not discuss the effect of Jimenez and the caselaw allowing for recovery when a defective component damages a larger product in which the component is incorporated." Krasner v. Ford Motor Co., No. 2:18-cv-01602 TLN KJN, 2019 WL 1428116, at *4 (E.D. Cal. Mar. 29, 2019).

    [4]   Defendants cite California Code of Civil Procedure § 339 for the proposition that the statute of limitations is two years. "But section 339 deals with causes of action based on contract, not tort." Sabicer, 362 F. Supp. 3d at 842.

untimely because plaintiffs expressed concerns with their vehicle starting in August 2012 and thus should have brought this action earlier. Plaintiffs argue that the discovery rule tolled the statute of limitations. (Compl. ¶ 7.)

Under the delayed discovery rule, the statute of limitation begins to run only once plaintiffs discover or should have discovered all facts essential to their cause of action. See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808-09 (2005). Here, it is certainly possible that plaintiffs only recently discovered that Elk Grove Ford failed to repair the vehicle in accordance with industry standards. Defendants' own evidence shows that Elk Grove Ford last repaired plaintiffs' vehicle on April 14, 2016, which is within the three-year limitations period. (See Decl. of Charles F. Harlow, Ex. 5 at 2 (documenting a repair related to the transmission) (Docket No. 8-6).)

Although plaintiffs may have yet to allege enough facts to support the application of the delayed discovery rule, the only question is whether it possible for plaintiffs to do so. See Grancare, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); see also Less v. Ford Motor Co., No. 18-cv-1992 MMA(AGS), 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018) ("Even if the allegations concerning tolling are not sufficiently pleaded, Ford has not shown that [plaintiffs] would be unable to amend [their] complaint to allege a viable tolling theory."). "Defendants have cited no authority that the delayed discovery rule cannot apply to negligent repair claims." McAdams

7

v. Ford Motor Co., No. 18-cv-07485-LHK, 2019 WL 2378397, at *5 (N.D. Cal. June 5, 2019) (emphasis in original). And they have not shown that it is impossible for plaintiffs to successfully invoke the rule here.

Accordingly, under the applicable statute of limitations, it is not impossible for plaintiffs to bring a claim for negligent repair. The court therefore concludes that joinder of resident defendant Elk Grove Ford was not fraudulent.

### 2. Severance Under Rule 21

The general rule is that jurisdiction is based on facts that exist at the time of filing. Righthaven LLC v. Hoehn, 716 F.3d 1166, 1171 (9th Cir. 2013). One exception to this rule is that federal courts may cure jurisdictional defects by dismissing dispensable nondiverse parties under Federal Rule of Civil Procedure 21. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989). Dismissal of dispensable nondiverse parties should be exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation. See id. at 837-38. The circumstances of this case strongly militate against dismissing defendant Elk Grove Ford as a dispensable party.[5]

---

[5] Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Because plaintiffs filed this motion to remand almost two months after defendants filed their notice of removal, defendants contend, without any supporting authority, that plaintiffs have waived all objections to its Rule 21 severance argument. Defendants, however, never made a separate motion to drop Elk Grove Ford. Indeed, defendants only raise the possibility of severance to otherwise confer subject matter jurisdiction on this court. Consequently,

8

First, severing Elk Grove Ford would defeat the purposes of permissive joinder. The primary purpose of joining multiple parties is to promote trial convenience and to protect against the inefficiency of multiple lawsuits. League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). Here, the claims against both defendants are sufficiently intertwined, factually and legally, such that severance would be inconvenient and inefficient. For instance, to assert a claim under California Civil Code § 1793.2(d), plaintiffs had "to allow defendants a reasonable number of attempts to repair the [vehicle]." See Lytle, 2018 WL 4793800, at *4 (citing Silvio v. Ford Motor Co., 109 Cal. App. 4th 1205, 1208 (2d Dist. 2003)). Because Elk Grove Ford performed those repairs, Elk Grove Ford "is obviously a proper party in an action dealing with alleged defects in that vehicle." See id. It is also more convenient to address any claims related to the repairs in the same case dealing with claims related to the vehicle's warranties. See id. at *3.

Second, courts are especially reluctant to use Rule 21 "to contort the pleadings of a lawsuit merely to confer federal jurisdiction." See Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc., 23 F. Supp. 2d 1151, 1157 (N.D. Cal. 1998). Accepting this alternative argument would be "an improper end-run around [the court's] rejection of the fraudulent misjoinder doctrine." See Hampton v. Insys Therapeutics, Inc., 319 F. Supp. 3d 1204, 1214

---

plaintiffs could address this argument in their motion to remand outside the 30-day period specified in U.S.C. § 1447(c), since their entire argument is that the court lacks subject matter jurisdiction.

9

(D. Nev. 2018). The court declines to use Rule 21 to merely confer federal jurisdiction where there is no other reason to conclude that Elk Grove Ford is a dispensable party.

Accordingly, the court will not dismiss Elk Grove Ford from this lawsuit.

Because this court finds that Elk Grove Ford is a proper defendant, defendants have not carried their burden of showing a complete diversity of citizenship. The court therefore finds that it lacks subject matter jurisdiction over this action.[6] See 28 U.S.C. § 1332(a).

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 6.) be, and the same hereby is, GRANTED. Plaintiffs' request to remand this case to the Superior Court of the State of California, in and for the County of Sacramento, is GRANTED.

Dated: August 5, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6] Because defendants have not shown that there is a complete diversity of citizenship, the court does not decide whether defendants have demonstrated that the amount of in controversy exceeds $75,000.

10